(No. 21428.— )
MAX K. MEYER, Appellee, vs. EDWIN JOPSON et al.—(AUGUST A. TIMKE, Appellant.)

*Opinion filed October 22, 1932.*

JOHN R. O'CONNOR, ALBEN F. BATES, and WILLIAM M. WEBSTER, for appellant.

GORDON, ADAMS & PIERCE, (GEORGE W. GORDON, and ELBRIDGE BANCROFT PIERCE, of counsel,) for appellee.

Mr. JUSTICE JONES delivered the opinion of the court:

Max K. Meyer, appellee, filed a bill on March 5, 1931, in the superior court of Cook county, against Edwin Jopson, August A. Timke, and others, to quiet title to a small triangular lot at the northwest corner of Spruce and Center streets, in the village of Winnetka. The bill alleged, in substance, that on October 28, 1910, Frederick W. Crosby and wife conveyed all their interest in the property to Wil-

liam Happ, who thereupon took possession and occupied the property and on April 2, 1913, conveyed it to appellee; that since that time appellee has, either in person or by his agents or lessees, had continuous, open, notorious and exclusive possession thereof and has paid all taxes thereon; that in addition to the title asserted through purchase from Happ the premises were conveyed to appellee in 1914 by the village of Winnetka, it having acquired title through a sale thereof for non-payment of special assessments. The bill also alleged that Jopson and Timke appear as owners of an undivided one-half interest, each, in the premises by virtue of a deed from Sarah S. Lawton and others dated August 9, 1894, but that said grantees are not entitled, either by payment of any original consideration or by possession or by payment of taxes, to assert any right or title in the property, and their deed is a cloud upon the title of appellee. An answer was filed by August Timke denying the material allegations of the bill. The cause was referred to a master in chancery, who made a report. A decree was entered declaring appellee the owner in fee of the premises, and all right, title or interest claimed by any of the defendants, or persons claiming under them, were declared to be null and void. From that decree August A. Timke has perfected an appeal to this court.

The real estate involved has a frontage of approximately forty-three feet on the north side of Spruce street and about seventy-eight feet along the westerly side of Center street. About 1905 there was a small two-story frame building on it used as a blacksmith shop. William Happ bought the blacksmith business and the lease of the property and continued to carry on the business in the building. When the lease which had been assigned to him was about to expire it was renewed on October 29, 1907, by Hiram Coombs for a period of ten years from November, 1911. On June 6, 1908, Coombs assigned his interest in the lease to Frederick W. Crosby. On the same day

there was recorded a quit-claim deed dated May 6, 1908, from Coombs and wife to Crosby. The original deed was introduced in evidence by appellee over the objection of appellant. It was prepared on a printed form which contained the words: "All interest in the following described real estate acquired by a certain tax deed issued by the county clerk of Cook county, State of Illinois, on the .......day of............, A. D. 1..., as recorded in book.......of records on page......." A red-ink line was drawn through all of said words, beginning with the word "acquired." Appellant introduced in evidence a photostatic copy of the record of the deed, which did not show the alteration. In October, 1910, Crosby and wife conveyed the premises to Happ by quit-claim deed. Happ continued in exclusive possession thereof, made some improvements to the property, and on April 2, 1913, conveyed it by quit-claim deed to appellee, who took immediate possession.

Appellee testified that he was sixty-eight years of age, resided in Winnetka and was engaged in the banking business there. He was president of the Winnetka Coal and Lumber Company, a corporation, and ever since 1913 the company had been in the exclusive possession of and had used the property under lease from him. The old frame house was removed from the property and coal bins and weighing scales were at first constructed thereon. Later a gasoline filling station was installed and was continuously conducted on the property by the lumber company up to the time of the hearing. He testified that he and Happ were the only persons who had occupied the property since 1910, that he had paid the taxes each year since 1913, and that no claim of ownership had been made to him since he received the deed thereto in 1913.

No oral testimony was offered by appellant. The proof in his behalf consisted of certified copies of deeds in his alleged chain of title, whereby he asserts ownership of an

undivided interest in the fee as tenant in common with Edwin Jopson.

It is the contention of appellant that the alleged color of title of appellee was not acquired in good faith; that the evidence as to payment of taxes by appellee was insufficient; that no adverse possession was established; that the bill shows outstanding interests sufficient to defeat it, and that the decree was not warranted by the evidence.

Appellant asserts that the alteration appearing in the deed of May 6, 1908, from Coombs to Crosby was made after the execution, delivery and recording of the deed; that such alteration destroyed the value of the deed, and that neither that deed nor the deed from Happ to appellee constituted color of title acquired in good faith. There was no testimony showing any questionable motive on the part of appellee. He purchased the property from Happ in 1913 for $2000. According to his uncontradicted testimony he paid all subsequent taxes, and he and his tenant have ever since that time occupied the property, constructed improvements thereon and used it continuously without molestation or adverse claim on the part of anyone. There may be good faith notwithstanding actual notice of existing claims or liens, or knowledge of legal defects which prevent the title, of which there is color, from being absolute, and to overcome the presumption that color of title under the seven-year Statute of Limitations was acquired in good faith the evidence must show an intent to deceive, mislead or defraud. (*Simpson v. Manson*, 345 Ill. 543.) In *Rawson v. Fox*, 65 Ill. 200, this court said with reference to the Limitation act: "The act was manifestly intended to protect those who purchase land and pay their money therefor under the belief that they are acquiring title. And what better evidence of their good faith than the fact that they paid for the land, have paid all taxes assessed against it for seven years, that they have taken possession, improved the same and have controlled the property precisely as

owners generally act with their lands?" Regardless of any question concerning the deed from Coombs to Crosby, the deed from Happ to appellee, executed in 1913 and relied upon by him, was color of title, and this record shows that such title was acquired in good faith.

A tax receipt for the 1927 taxes was the only one offered in evidence by appellee. He testified that he paid all special assessments and all taxes levied against the property since the year 1913, when he obtained his deed and took possession of the premises; that such payments were made each year, without interruption, by sending his check therefor to the tax collector, and that he sent his check to the collector for the 1928 and 1929 taxes but had not received the receipts. It was held in *Hinchman* v. *Whetstone,* 23 Ill. 185, that the payment of taxes under claim and color of title may be proved by oral testimony. The statute does not provide any particular method of proving the payment of taxes but leaves the proof to be made in any legitimate mode. The court said: "The requirement of the statute would be as fully answered without as with a receipt. It forms no part of the payment but is only evidence of the fact. No reason is perceived why the payment of taxes may not be proved, in a case of this character, by the verbal evidence of a witness as well as the payment of money in any other case." The rule established in that case has been referred to and approved in *Rawson* v. *Fox, supra,* and *Milliken* v. *Marlin,* 66 Ill. 13. Obviously, such evidence offered on the question should be clear, positive and free from suspicion in order to satisfactorily show that payments of taxes have been made. There was no contradiction of appellee's testimony and no payments of taxes were shown to have been made by any other person. The proof of payment of taxes under the circumstances presented by this record was competent and sufficient.

In our opinion appellee was entitled to the relief sought by his bill, and the decree of the superior court of Cook county is therefore affirmed.          *Decree affirmed.*